George F. Ogilvie III, Esq. (NSBN 3552)
Diane L. Welch, Esq. (NSBN 11738)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
gogilvie@mcdonaldcarano.com
dwelch@mcdonaldcarano.com

*Attorneys for Defendants Pale Horse GRS L.L.P.,
Chris Clark and Aaron Spradlin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRB SUPPLY LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PALE HORSE GRS L.L.P., a Tennessee limited liability company; CHRIS CLARK, an individual; and AARON SPRADLIN, an individual,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Pale Horse GRS, LLP ("Pale Horse"), Chris Clark, an individual ("Clark"), and Aaron Spradlin, an individual ("Spradlin"), (collectively, "Defendants"), submit their Notice of Removal of this case from the Eighth Judicial District Court for the County of Clark, State of Nevada, to the U.S. District Court of Nevada. In support of this Notice of Removal, Defendants state as follows:

**Procedural History**

1. On May 20, 2020, Plaintiff PRB Supply LLC ("Plaintiff") commenced this action in the Eighth Judicial District Court, Clark County, Nevada, now pending as Case No. A-20-815297-C ("State Court Action"). A Summons was issued for each Defendant the same day.

2. Less than one year has elapsed since the date the State Court Action commenced.

3. Defendants Pale Horse and Carter were served with the Summons and Complaint on July 2, 2020. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is brought within 30 days of the date of service.

4. The remaining named Defendant in the State Court Action is Aaron Spradlin, an individual. At the time of this filing, no declaration of service has been filed in the State Court Action establishing that this defendant has been properly served, and, therefore, his joinder or consent to removal is not required pursuant to 28 U.S.C. § 1446(b)(2)(a).

5. No further proceedings have been had in the State Court Action. A true and complete copy of the Complaint and all pleadings, process, and orders in the State Court Action are attached hereto as Exhibit 1.

6. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 because, as detailed below, there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

**Citizenship of the Parties**

7. Plaintiff PRB Supply, LLC is a Nevada limited liability company with its principal place of business in Clark County, Nevada. (Complaint (hereafter, "Cplt.") ¶ 1)

8. Defendant Pale Horse is "a corporation organized under the laws of Tennessee" and is "conducting business in Williamson County, Tennessee, and/or Hickam County, Tennessee." (Cplt. ¶ 2) Upon information and belief, Defendants Clark and Spradlin are the sole owners of Pale Horse.

9. Defendant Clark is and was at the time this action was commenced an individual who is a Tennessee citizen, residing in Williamson County, Tennessee and/or Hickam County, Tennessee. (Cplt. ¶ 3)

10. Defendant Spradlin is and was at the time this action was commenced an individual who is a Tennessee citizen, residing in Williamson County, Tennessee and/or Hickam County, Tennessee. (Cplt. ¶ 4)

11. All named defendants who have been properly joined and served consent to the removal of the State Court Action.

**Amount in Controversy**

12. The Complaint asserts state-law breach of contract claims, along with claims of unjust enrichment, fraudulent inducement, and declaratory relief, arising from a Services Agreement ("Agreement") entered into by the Parties on April 16, 2020. (Cplt. ¶ 8)

13. As part of the Agreement, the Parties executed a Promissory Note in the amount of $1,080,000, on April 16, 2020, and a second Promissory Note dated April 21, 2020. (Cplt. ¶ 9)

14. Specifically, Plaintiff alleges that Defendants defaulted under the Services Agreement by failing to pay Plaintiff monies due and owing under the terms of the Agreement. (Cplt. ¶ 17)

15. Plaintiff further alleges in its Complaint that:

(a) Defendants committed to pay third parties "referral commissions and/or finders fees" in breach of the Agreement (Cplt. ¶ 24);

(b) Defendants made false representations to Plaintiff that Defendants Clark and Spradlin would execute Escrow Instructions and Personal Guaranties, and warranted that no person other than Plaintiff had a right to any consideration paid by the State of Tennessee under its Purchase Order to Defendants (Cplt. ¶ 40);

(c) Defendants unjustly retained the money or property of Plaintiff (Cplt. ¶ 47); and

(d) Plaintiff is seeking the court's declaration that (1) Defendant Pale Horse breached its Agreement with Plaintiff, (2) Defendants Clark and Spradlin are personally liable for the debts and accounts of Pale Horse, and (3) Defendants fraudulently induced Plaintiff (Cplt. ¶ 56).

16. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(i), the amount in controversy exceeds the sum or value of $75,000.00. The claims alleged in Plaintiffs' Complaint involve amounts allegedly owed under the Parties' Services Agreement and Promissory Note of $1,080,000. Thus, the amount in controversy in this litigation is valued in excess of the $75,000 jurisdictional threshold.

17. For purposes of this Notice of Removal only, and based upon the allegations in Plaintiffs' Complaint, venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in Clark County, Nevada.

18. Pursuant to 28 U.S.C. § 1441, Defendants are entitled to remove the State Court Action to this Court.

**Full Compliance**

19. Pursuant to 28 U.S.C. §1446(d), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Court in which the state court action was originally filed.

20. Copies of the Notice to the Eighth Judicial District Court, for the County of Clark, State of Nevada, are being served upon all parties through their attorneys of record pursuant to the requirements of 28 U.S.C. § 1446(d).

21. By removing the State Court Action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law, including, without limitation, personal or subject matter jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted. The Defendants reserve the right to amend this Notice of Removal as appropriate.

WHEREAS, Defendants Pale Horse and Clark remove the above-entitled action now pending in the Eighth Judicial District Court of Clark County, Nevada, and requests this Court assume jurisdiction over the action as provided by law.

DATED this 23rd day of July, 2020.

McDONALD CARANO LLP

By:  /s/     Diane L. Welch
George F. Ogilvie III, Esq. (NSBN 3552)
Diane L. Welch, Esq. (NSBN 11738)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

*Attorneys for Defendants Pale Horse GRS L.L.P., Chris Clark, and Aaron Spradlin*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the 23rd day of July, 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification. In addition, the foregoing was served upon the persons listed below via email.

David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
Robe1t E. Opdyke, Esq. (NSB #12841)
RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
dcarroll@rrsc-law.com
adiraimondo@rrsc-law.com
ropdyke@rrsc-law.com

*Attorneys for Plaintiff PRB Supply LLC*

    /s/ *Marianne Carter*
An employee of McDonald Carano LLP

## INDEX OF EXHIBITS

| Description | Exhibit |
|---|---|
| Summons, Complaint and two (2) Affidavits of Service | 1 |