George F. Ogilvie III, Esq. (NSBN 3552)
Daniel I. Aquino, Esq. (NSBN 12682)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
gogilvie@mcdonaldcarano.com
daquino@mcdonaldcarano.com

*Attorneys for Defendants Pale Horse GRS L.L.P.,*
*Chris Clark and Aaron Spradlin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRB SUPPLY LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PALE HORSE GRS L.L.P., a Tennessee limited liability company; CHRIS CLARK, an individual; and AARON SPRADLIN, an individual,<br><br>Defendants. | CASE NO.  2:20-cv-01360-JAD-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

Plaintiff PRB Supply LLC ("Plaintiff") and Defendants Pale Horse GRS L.L.P., Chris Clark, and Aaron Spradlin ("Defendants") (collectively the "Parties"), through their respective counsel of record in this action, hereby agree to this Stipulation and Protective Order to Protect Confidential Information ("Protective Order"), and further agree that this Court may enter an order on this Protective Order.

1. **PURPOSE**

The purpose of this Protective Order is to allow the Parties, to the extent permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada, such access to Protected Material, as defined below, as is necessary to prosecute or defend the Action, while at the same time to protect any confidential information contained within the Protected Material that may, and/or already

*MCDONALD CARANO*
*2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102*
*PHONE 702.873.4100 • FAX 702.873.9966*

has, come into the possession of any Party in connection with the Action.  Nothing in the Protective Order shall limit or modify the rights of any Party to use the information, documents, or things which it produces to another Party.

2. **DEFINITIONS**

2.1. **Action**.  "Action" means the action pending in the United States District Court for the District of Nevada, Case No. 2:20-cv-01360-JAD-VCF, entitled *PRB Supply LLC v. Pale Horse GRS L.L.P., Chris Clark, and Aaron Spradlin*.

2.2. **Counsel**.  "Counsel" means counsel of record and authorized co-counsel of any Party, and their employees and support personnel, jury consultants, electronic discovery consultants and document vendors, trial graphics personnel and other assistants, who are not employees of a Party and to whom it is necessary to disclose Protected Material in the Action.

2.3. **Independent Expert**.  "Independent Expert" means an expert or independent consultant who is not an employee of a Party and is retained solely to advise and assist Counsel in the preparation or trial of the Action, or retained to give expert testimony, or retained for both purposes, and his or her secretarial or other assistants, to whom it is necessary to disclose Protected Material in the Action.

2.4. **Party**.  "Party" or "Parties" mean the parties to the Action, including their respective officers, directors, employees and agents (but not Counsel).

2.5. **Produced Material**.  "Produced Material" means any information, document, file, electronically stored information ("ESI"), or tangible thing upon which any expression, communication, or representation has been recorded by any means, or any response to any discovery request (including by way of example document requests, interrogatories, requests for admissions, notices of deposition, requests to inspect, and deposition subpoenas), or portions thereof, to be provided, or already provided, by any Producing Party or third party to any other Party, in connection with the Action.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

2.6. **Producing Party**. "Producing Party" means a Party or third party and its officers, directors, employees and agents (including Counsel), that produces or otherwise makes available Produced Material to a Receiving Party.

2.7. **Receiving Party**. "Receiving Party" means a Party and all its officers, directors, employees and agents (including Counsel), that receive Produced Material from a Producing Party.

**3. PROTECTED MATERIAL**. Protected Material as used in this Protective Order shall mean any Produced Material that contains information: (A) in which the Producing Party has a protected privacy interest under federal or state law; or (B) that has not been made publicly available (as a result of legal or ethical means) and from which the Producing Party derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, including but not limited to financial records and projections, contractors' bid preparation documents, and cost estimating procedures. The use and dissemination of any Protected Material by a Receiving Party is strictly limited to the Action. Protected Material may not be used or disseminated for any other purpose without the written consent of the Producing Party, or by order of the Court.

3.1. **Designation of Protected Material**. A Producing Party, at the time of producing Produced material, or as soon as the Producing Party reasonably determines the need therefore, may designate any Produced Material as Protected Material by producing the documents claimed Protected Material marked with the legend "CONFIDENTIAL – Subject to Protective Order." To the extent possible, the legend should be placed by the Producing Party on each page of the Protected Material. Where the Producing Party is unable to place the legend on each page (or it is commercially unreasonable to do so), for instance where the Producing Party seeks to produce a native electronic file, the Producing Party should take other precautions to flag the information as Protected Material, including, but not limited

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

to, placing the legend in the file name of the native electronic file.   The Producing Party shall act in good faith in attempting to limit the amount of Produced Material that is designated as Protected Material.  If only a portion of certain Produced Material qualifies as Protected Material, the Producing Party shall act in good faith to limit the Protected Material designation to only that portion.

3.2.   **Designation Not Determinative of Status**.  The Producing Party's designation of Produced Material as Protected Material does not create a presumption that the materials are Protected Material, nor shall the Receiving Party's receipt of Protected Material be a determination or admission by the Receiving Party that such material is in fact protected as Protected Material.  The Receiving Party shall not be obligated to challenge a "Protected Material" designation at the time of receipt, and a failure to do so shall not preclude a later challenge to the propriety of such a designation. The fact that Produced Material is not designated as Protected Material shall not, in and of itself, preclude a party from later seeking to designate such material as

4.   **PERSONS WITH ACCESS TO PROTECTED MATERIAL**.  Protected Material may not be disclosed or discussed in any manner with any entity or person except for the following:

4.1.   **Counsel**.  Each Party's respective Counsel shall have access to and may use any Protected Material only for the purposes of prosecuting, defending, or attempting to settle the Action.

4.2.   **Parties**.  A Party to the litigation, as distinguished from that Party's Counsel and any Independent Experts, shall have access to and may use Protected Material only for the purposes of the Action and only after complying with Section 5 of this Protective Order.

4.3.   **Independent Experts**.  Counsel for a Receiving Party may make any Protected Material available to its Independent Expert or to another Party's Independent Expert only after complying with Section 5 of this Protective Order.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

5.    **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**.   Except when used in a deposition or court, before obtaining access to any copies of Protected Material covered by this Protective Order, each person (other than Counsel) who is permitted to have access to such material must signify assent to, and agree to be bound by, the terms of this Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understood this Protective Order and agrees to be bound by its terms. The acknowledgements shall not be produced in connection with the Action but shall be confidentially maintained by Counsel for the Receiving Party until after complete resolution of the Action, including any appeal.

6.    **HANDLING OF PROTECTED MATERIAL**

6.1.   **General**.  All Protected Material is to be used solely for the purposes of the Action. Persons having access to Protected Material shall not disclose or provide Protected Material to any person not authorized under Section 4 of this Protective Order without written permission from Counsel for the Producing Party.

6.2.   **Protected Materials Filed With Court**.  Any Party that wishes to file or lodge Protected Material with the Court must file or lodge the Protected Material under seal in accordance with Section 7 of this Protective Order.  This includes any briefs, transcripts, exhibits, depositions, or documents that contain, comprise, summarize, or quote from Protected Material.  To Parties agree to work in good faith concerning sealing issues.  To the extent the Court denies any motion or application to seal, the Parties agree to work in good faith to explore alternatives for protecting the Protected Material.

6.3.   **Deposition Transcripts**.   Protected Material may be used at a deposition in accordance with this Protective Order.  During the deposition, counsel seeking to use or refer to Protected Material shall state, on the record, that such Protected Material is subject to this Protective Order and Order and that deposition questions and answers relating to the Protected Material are to be treated as Protected Material,

and that the portion of the deposition transcript which relates to the Protected Material shall also be marked and treated as Protected Material.  To the extent the deponent has not already complied with Section 5 of this Protective Order, the Party seeking to introduce the Protected Material as an exhibit at the deposition shall seek to have the deponent comply with Section 5 of this Protective Order.  Whether the Party seeking to introduce the exhibit is successful in obtaining the deponent's compliance with Section 5 of this Protective Order, the Parties should work together to ensure that the deponent does not leave the deposition with a physical or electronic copy of the Protected Material and the confidential portion of the deposition transcript relating to the Protected Material is not retained by the deponent (whether in physical or electronic format).

6.4.    **Return of Protected Material After Final Disposition or Termination of Participation in the Action**.  Once participation in the Action by any Receiving Party that obtained Protected Material has been terminated or otherwise finally concluded, Counsel for the Receiving Party shall either return all Protected Material in the possession of the Receiving Party or its agents to Counsel for the Producing Party or dispose of all Protected Material in some other manner agreed upon with Counsel for the Producing Party.  Protected Material retained by Counsel of a Receiving Party shall retain the status of Protected Material despite termination of this Action, and shall be treated in accordance with the terms of this Protective Order, unless the Parties otherwise agree or the Court otherwise orders.  However, (a) the Parties further agree that any information learned from that Protected Material that has been returned or destroyed shall remain confidential pursuant to the terms of this Protective Order; and (b) this Protective Order shall survive the termination of this action, including any appeals thereof, and the Court shall retain continuing jurisdiction to enforce or resolve any dispute concerning the use of information disclosed hereunder.

6.5.   **Advice of Counsel**.  Nothing in this Protective Order shall bar or otherwise restrict Counsel from rendering advice to a Party with respect to the Action, and in the course thereof, relying upon any Protected Material.  However, in rendering such advice and in otherwise communicating with a Party, such Counsel shall not disclose the contents of any Protected Material contrary to the terms of intent of this Protective Order.

6.6   **Other Actions And Proceedings.**  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking discovery materials which were produced or designated as containing Protected Material pursuant to this Protective Order, the Receiving Party shall give prompt written notice by e-mail or facsimile transmission to Counsel for the Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  The Receiving Party shall advise the Producing Party in writing of the following: (i) the information, documents, materials, items and things sought by the subpoena, demand or other legal process; (ii) the date on which compliance with the subpoena, demand or other legal process is requested or required; (iii) the location at which compliance with the subpoena, demand or other legal process is requested or required; (iv) the identity of the party serving the subpoena, demand or other legal process; and (v) the case name, jurisdiction, and other information reasonably necessary to identify the other action or proceeding in which the subpoena, demand or other legal process has been issued.  Should the person seeking access to the Protected Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

respond by setting forth the existence of this Protected Material.  However, where the Producing Party has been given notice pursuant to this paragraph, the Parties agree that the Producing Party shall bear the time and expense of any motion practice or other court action associated with protecting its Protected Material from discovery by any party seeking the Protected Material through subpoena, demand, or other legal process.

7.   **PROCEDURE FOR FILING PROTECTED MATERIAL UNDER SEAL**

7.1.   A Party that wishes to file or lodge its own Protected Material with the Court must comply with all applicable rules for submitting materials under seal, including, but not limited to the requirements under federal law and the Local Rules. LR IA 10-5

8.   **CHALLENGING A PROTECTED MATERIAL DESIGNATION**.  A Receiving Party wishing to challenge a Protected Material designation must first attempt to meet and confer in good faith with the Producing Party in an effort to informally resolve such designation. If reasonable meet and confer efforts are unsuccessful, the Party challenging the Protected Material designation may move or apply to the Court to have such materials stripped of their Protected Material designation.  In the event of such a motion or application, the Producing Party shall bear the burden of proving that the materials qualify as Protected Material.  Until the Court rules on such motion or application, the materials shall remain Protected Material.

9.   **CLAWBACK PROVISION.**     If a Producing Party contends that it has inadvertently disclosed or produced material that it alleges is protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection provided under applicable law, or is otherwise immune to discovery (the "Subject Privileged Material"), then the Producing Party shall immediately notify the Receiving Party in writing upon its discovery of the inadvertent disclosure or production.  It is agreed that either a Producing Party or a Receiving Party may challenge the claim to inadvertent disclosure as having been waived and such waiver may be analyzed under applicable law.  Upon receiving notification of the inadvertent disclosure of the Subject Privileged Material, and in no event later than three

(3) business days, the Receiving Party shall immediately return, sequester, or destroy any and all copies of the Subject Privileged Material identified in the notice, and may not use, produce or disclose to other persons or non-parties the Subject Material until the claim of privilege or protection is resolved.  If the Receiving Party produces, discloses, or uses the Subject Material before being notified of its alleged privileged or protected nature, then it shall take reasonable measures necessary to retrieve it and preclude its further use.  Upon request, the Receiving Party shall certify, in writing, that is has complied with the terms and conditions set forth in this paragraph; however, the Receiving Party shall not waive or prejudice any right it may have to challenge the alleged privilege or protected nature of the Subject Privileged Material, nor shall it waive or prejudice any right it may have to challenge or contest the Producing Party's claim of inadvertent production or disclosure. If, after undertaking an appropriate meet-and-confer process, a resolution cannot be reached concerning the production or disclosure of the Subject Privileged Material, any party may file a motion with the Court for a determination of the claim and the Parties agree that the Subject Privileged Material shall be protected via appropriate sealing or in camera submission. The Subject Privileged Material shall be preserved until the claim is resolved. If a Receiving Party believes in good faith that material received from a Producing Party or person or non-party is potentially covered by the attorney-client privilege, the work product doctrine or any other privilege or protection provided under applicable law, then the Receiving party shall notify the other party or person or non-party in writing within a reasonable time that it has possession of the material in question.  If, in response to this notification, the party asserts that the material may be privileged or protected under applicable law, then the parties shall comply with the process set forth in this paragraph. This Parties further agree that this paragraph's clawback rights and procedures shall apply to all material produced in discovery whether or not it is designated "CONFIDENTIAL – Subject to Court Order."

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

10. **RIGHT TO FURTHER RELIEF**. This Protective Order, and any order hereon, is without prejudice to the right of any Party to apply to the Court for relief from any of its provisions or to seek different or additional protection for any particular Produced Material. Further, the Parties agree that this Protective Order may be amended from time to time by written agreement of counsel for the Parties, which agreement shall be submitted to the Court and only effective upon the Court's approval.

11. **RIGHT TO ASSERT OTHER OBJECTIONS**. This Protective Order, and any order thereon, shall not waive or limit the Parties' rights to assert a claim of privilege, other recognized protection, or other evidentiary objection to production, Protective Order, or other use of Produced Material.

12. **Application to Third Parties.** This Protective Order shall inure to the benefit of and may be invoked and enforced by third parties with respect to documents and information produced by them in the course of pretrial discovery in this action (e.g., in response to subpoena) and designated by them in the manner provided herein. Any third party invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order.

13. **No Waiver of Privilege.** This Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

14. **Injunctive Relief Available.** Each Party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Protected Material and that seeking injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information, in addition to whatever relief may be available at law or in equity.

/ / /

/ / /

/ / /

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**IT IS SO STIPULATED.**

Dated this _____ day of _____, 2021

McDONALD CARANO LLP

By: /s/ *Daniel I. Aquino*
    George F. Ogilvie III, Esq. (# 3552)
    Daniel I. Aquino, Esq. (# 12682)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    *Attorneys for Defendants Pale Horse*
    *GRS L.L.P., Chris Clark, and Aaron*
    *Spradlin*

Dated this _____ day of _____, 2021

RICE REUTHER SULLIVAN & CARROLL, LLP

By: /s/ *Anthony J. DiRaimondo*
    David A. Carroll, Esq. (#7643)
    Anthony J. DiRaimondo, Esq. (#10875)
    Robert E. Opdyke, Esq. (#12841)
    3800 Howard Hughes Parkway, Suite 1200
    Las Vegas, Nevada 89169
    *Attorneys for Plaintiff PRB Supply LLC*

## <u>ORDER</u>

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

DATED ___9-13-2021_____

**APPENDIX A TO PROTECTIVE ORDER**

     I, _____, have received, read, understand, and hereby agree to be bound by the terms of the foregoing Protective Order (and any Court Order entered on the Protective Order), entered in Case No. 2:20-cv-01360-JAD-VCF, entitled *PRB Supply LLC v. Pale Horse GRS L.L.P., Chris Clark, and Aaron Spradlin*. which I acknowledge have been provided to me.  I agree not to disclose, discuss, or otherwise use Protected Material (as defined in the Protective Order) except to the extent allowed under, and in compliance with, the Protective Order.  I further agree to take reasonable precautions to ensure that any Protected Material provided to me remains in a secure and confidential location so as to prevent unauthorized access to such material.

     I understand that my access to Protected Materials in this case is solely as a result of, and conditioned upon, my acceptance of, and agreement to be bound by, the terms of this Protective Order.  I recognize that any failure to comply with the Protective Order, and any Court Order entered thereon, may result in action being taken against me.  I hereby consent to the jurisdiction of the United States District Court, District of Nevada, for the sole purpose of enforcing the Protective Order and any Court Order entered thereon.

     Dated: _____     Signed: _____

